FILED & JUDGMENT ENTERED
Steven T. Salata

Jul 21 2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

In Re:                                )
                                      )    Chapter 11
ELK CREEK INTERNATIONAL, INC.,        )    Case No. 16-50423
                                      )
            Debtor.                   )

**ORDER AUTHORIZING (A) INTERIM USE OF CASH COLLATERAL PURSUANT TO SECTIONS 361 AND 363 OF THE BANKRUPTCY CODE; (B) THE PAYMENT OF PRE-PETITION PAYROLL, PAYROLL TAXES, EMPLOYEE BENEFITS AND OTHER RELATED EXPENSES; (C) THE PAYMENT OF PRE-PETITION CLAIMS OF 1099 SUBCONTRACTORS; (D) GRANTING ADEQUATE PROTECTION; AND (E) SCHEDULING A CONTINUED HEARING ON THE MOTIONS**

THIS MATTER came before the Court on July 12, 2016 on the emergency motions of Elk Creek International, Inc., the above-captioned debtor and debtor in possession herein (the "Debtor"), for the entry of an interim order authorizing the Debtor to i) use of cash collateral and providing adequate protection for the use thereof, pursuant to sections 105, 361, and 363 under Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and Rules 4001, 6003(b) of the Federal Rules of Bankruptcy Procedure; ii) pay pre-petition payroll, payroll taxes, employee benefits and other related expenses; iii) to pay pre-petition claims of the Debtor's 1099 subcontractors.

The Debtor requested that an expedited hearing be scheduled on the Motion. The Motion seeks entry of an Interim Order (the "Interim Order") authorizing the use of Cash Collateral (as defined below) on a preliminary basis for the period commencing as of the date of the bankruptcy filing through the date of a final hearing on the Motion.

The Motion came before the Court on July 12, 2016 for a hearing (the "Interim Hearing"), and the Court having reviewed the Motions; and upon completion of a preliminary hearing as provided for under Bankruptcy Rule 4001(b) and an interim agreement of the parties;

**THE COURT HEREBY FINDS**:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B. The Debtor has provided notice of the initial hearing on the Motion to all the parties shown on the Certificate of Service and Amended Certificate of Service filed herein, via ECF noticing, electronic mail and/or facsimile transmission. The notice provided is adequate and reasonable under the circumstances of this case and is in accordance with Bankruptcy Rule 4001(b)(2).

C. The Debtor has immediate cash needs in order to meet payroll, to pay other customary and necessary day to day expenses to operate the Business and to prevent immediate and irreparable harm to the estate.

D. The Debtor's use of the Cash Collateral is necessary, essential and appropriate for the operation of the Business and for payment of the Cash Collateral Budget Expenses, and is otherwise necessary to avoid immediate and irreparable harm to the Debtor's estate pending a final hearing on the Motion.

E. The Debtor's use of Cash Collateral on an interim basis in accordance with the terms and conditions set forth herein appears to be in the best interest of the estate and its creditors. Among other things, the entry of this Order will minimize disruption of the Debtor's business and operations as a going concern and is in the best interests of the Debtor, its creditors, and its estate. It is further in the best interests of the Debtor's estate to provide the Secured Creditors with adequate protection of their interests in the Collateral as set forth herein.

F. The Debtor may use Cash Collateral only during the period beginning with the entry of this Order, and continuing through the date of Continued Hearing on July 21, 2016, in the ordinary course of business for i) pre-petition and post-petition payroll and associated taxes and ii) up to $10,000.00 of other necessary post-petition expenses which are critical to the survival of the Debtor. The Debtor is not allowed otherwise to use Cash Collateral to pay any claims which arose prior to the July 5, 2016 filing date. The Debtor shall also be authorized to pay any quarterly fees from the cash collateral and such fees shall be escrowed with counsel for the Debtor on a timely basis.

G. The Debtor shall not use, sell or expend, directly or indirectly, Cash Collateral or any proceeds, products or offspring thereof, except as authorized in this Interim Order.

H. The Debtor's authority to use Cash Collateral in accordance with the terms and conditions set forth herein shall terminate at 11:59 p.m. on the date of the Continued Hearing, unless the Court further authorizes the use of Cash Collateral at the Continued Hearing on the Motion or upon mutual consent of the affected parties. Even if authorization to use cash collateral expires, adequate protection/liens will continue to be effective unless or until otherwise modified by the Court.

I. The Debtor's Motion alleges that the UCC filings with the North Carolina Secretary of State show the following creditors (the "Secured Creditors") may assert a perfected security interest in the Debtor's cash collateral:

    a. Yadkin Bank (UCC-1s filed July 9, 2014 under ECI, ECL and ECP);
    b. Export-Import Bank of the United States ("EIBUS")(UCC-1 filed November 24, 2014 under ECL only).

J. The Debtor reaffirms the existing terms and conditions of existing financing documents with Yadkin Bank and Ex-Im Bank. Yadkin Bank and Ex-Im Bank have consented to the use of cash collateral on the terms set forth in this Order.

K.    As adequate protection for the interests of Yadkin Bank and Ex-Im Bank in Cash Collateral, to the extent the Debtor uses such Cash Collateral, the following terms shall apply:

1.    Replacement Liens. Yadkin Bank and Ex-Im Bank are granted valid, attached, choate, enforceable, perfected and continuing security interests in, and liens upon all post-petition assets of the Debtor of the same character and type, to the same extent and validity as the liens and encumbrances of the Secured Creditors attached to the Debtor's assets pre-petition (the "Post-Petition Collateral"). The security interests in, and liens upon, the Post-Petition Collateral shall have the same validity as existed between the Secured Creditors, the Debtor and all other creditors or claimants against the Debtor's estate on the Petition Date. Said liens shall be deemed for all purposes to have been properly perfected, without filing, as of the entry of this Order. Notwithstanding anything to the contrary in this Interim Order, the Replacement Liens shall not attach to causes of action arising under Chapter 5 of the Bankruptcy Code or the proceeds thereof. The lien of Yadkin Bank shall not extend to lumber or other wood products which are purchased by third parties (including but not limited Ashley Furniture Industries, Inc. ("Ashley") and Concannon Lumber Company ("Concannon") and shipped to the Debtor for processing.

2.    Insurance. The Debtor shall at all times maintain such insurance as is required under the Yadkin Bank and Ex-Im Bank Security Agreements with one or more insurance companies, and shall name Yadkin Bank and Ex-Im Bank as beneficiaries, with written evidence of adequate insurance to be provided immediately to Yadkin Bank and Ex-Im Bank, and upon request thereafter.

3.    Beginning Monday July 25, 2016 and continuing each Monday thereafter, Debtor shall make weekly reports to Yadkin Bank, Ex-Im Bank and the U.S. Bankruptcy Administrator regarding use of cash, aging of accounts receivable, revenues and expenses.

4.    Throughout the time this Interim Order and any subsequent Cash Collateral Orders are in effect, Debtor shall maintain accounts receivable in the minimum amount of $10,000.00. In the event of Debtor's default under this provision or in the event of any other material default, Debtor acknowledges and stipulates to Yadkin Bank's or Ex-Im Bank's entitlement to an emergency hearing regarding any such default.

L.    This Interim Order is without prejudice to the rights of the any secured creditors or other creditors to seek additional adequate protection or other relief available under the Bankruptcy Code, and entry of this Interim Order is without prejudice to the rights of any party in interest to challenge or otherwise contest entry of a final order authorizing the use of Cash Collateral.

M.    This Interim Order is also entered without prejudice to: (a) the claims, rights, and defenses that the Debtor and/or any other party in interest may have to challenge the nature, validity, priority or extent of the liens asserted by any party; and (b) any and all claims, rights, and defenses any party in interest may assert in any action to challenge the nature, validity, priority or extent of the liens it may assert.

N.    The following events shall constitute events of default under this Interim Order and shall immediately terminate the use of Cash Collateral hereunder: conversion of the Debtor's case to chapter 7 of the Bankruptcy Code, or appointment of a trustee or examiner with expanded powers.

O. The Interim Order shall in no way limit the rights of the Debtor, any official unsecured creditors committee or any other party in interest to investigate and/or challenge the validity and/or priority of the liens on any of the Debtor's assets.

P. The Debtor's Motions requesting the authority to pay Pre-petition Payroll, Payroll Taxes, Employee Benefits and Other Related Expenses, as well as the Payment of Pre-petition Claims of 1099 Subcontractors, in the amount shown on Exhibit B to the Motion, is GRANTED. The Debtor may not pay Pre-petition Payroll to employees who are no longer employed by the Debtor or have given notice to cease employment with the Debtor. The Debtor may not pay Pre-petition Claims of 1099 Subcontractors who are no longer providing services to the Debtor or have notified the Debtor that they will no longer provide services to the Debtor. The Debtor's use of Cash Collateral is otherwise limited to the total sum of $10,000.00 pending the continued hearing on this matter.

Q. A final hearing on the use of Cash Collateral shall be held on July 21, 2016 at 9:30 a.m. (the "Continued Hearing"), in the United States Bankruptcy Court, Charles R. Jonas Federal Building, 401 West Trade Street, Charlotte, North Carolina 28202.

R. Any party wishing to object to the relief granted herein being allowed on a continuing interim or final basis shall file such objection with the Court in accordance with the Local Rules of the United States Bankruptcy Court, together with proof of service thereof, showing service upon all interested parties, so as to be received no later than three (3) business days prior to the Final Hearing.

S. The Debtor is directed to serve a copy of this Order upon: (a) the Bankruptcy Administrator for the Western District of North Carolina, (b) the Debtor's twenty (20) largest unsecured creditors, (c) all creditors having filed UCC-1's with the North Carolina Secretary of State, (d) the Debtor's pre-petition utility providers , and (e) those parties requesting notice pursuant to Bankruptcy Rule 2002, within three (3) days after its entry and shall file a certificate of service specifying the manner and method of service.

This Order has been signed
electronically.  The judge's
signature and court's seal
appear at the top of the Order

United States Bankruptcy Court